## PATTERSON v. HARE.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

1. PARTNERSHIP—SALE OF PARTNERSHIP PROPERTY—FRAUD AS TO CO-PARTNER.
   Where defendant, being in partnership with plaintiff, sold the partnership property, worth over $1,000, to his brother for $300, without the knowledge or consent of plaintiff, and without attempting to obtain a purchaser at a better price, such sale was fraudulent as to plaintiff.

2. SAME—LIEN FOR ADVANCES.
   The fact that defendant had made advances in excess of the amount paid in by plaintiff, who had agreed to assign his interest in the partnership assets as security, would not relieve the sale from the imputation of fraud.

Appeal from judgment on report of referee.

Action by George Patterson against Joseph Hare for the dissolution of a partnership and an accounting. On the finding of the referee that there was due from plaintiff the sum of $389.42, judgment was rendered against plaintiff, and he appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Farrell & Finder, for appellant.
C. D. Hudson, for respondent.

MERWIN, J. In the fall of 1890, the parties to this action formed a co-partnership in the business of cutting, storing, and selling ice. They obtained a lease for a site for an ice house, and built one in December, 1890. They purchased horses, wagons, and tools, and entered upon the business, and so continued until October 26, 1891. At this time, as the referee finds, the firm owned a lease of the premises used by them in their business, two horses, two ice houses, ice wagon and harness, ice tools and barn tools, all which had been purchased by the firm within about one year previous, at a total cost, exclusive of the lease, of $1,829.15. The referee also finds "that on or about said 26th day of October, 1891, the defendant in good faith, and with no intent to cheat or defraud said plaintiff, sold and transferred all of said firm property to his brother, John Hare,

for a reasonable consideration, to wit, for the sum of $300, which sum was and is retained by said defendant." This sale operated as a dissolution, as it practically included all the property used by the firm in carrying on its business. The referee stated the accounts of the parties, charging the defendant with the $300 received by him on the sale to his brother, and upon the accounts so stated and settled he found due to the defendant from the plaintiff the sum of $389.42, for which sum he ordered judgment against the plaintiff, with costs. Judgment was accordingly entered, from which the appeal is taken.

The plaintiff, in his supplemental complaint, in effect charged that the sale by defendant to his brother was a fraud upon the plaintiff's rights; that the property sold was worth not less than $1,800, and that defendant should be charged with its fair market value. Upon the issue made upon these allegations, the referee made response in the finding above quoted. The plaintiff claims that this finding is not sustained by the evidence. If this contention be true, a new trial must follow, as the defendant is only charged with what he received from his brother. The sale was made in the nighttime, and the defendant testifies that he never asked any one else to purchase the property. It was not assented to by the plaintiff, and he had no information that defendant would attempt to make any such sale. The property, according to the undisputed evidence, was worth more than a thousand dollars. A careful consideration of the evidence leads us to the conclusion that the finding that the sale was made in good faith, and with no intent to defraud the plaintiff, or for a reasonable consideration, is not sustained by the evidence.

It is argued on the part of the defendant that on an occasion when the defendant made an advance in excess of the advances made by the plaintiff, the plaintiff agreed with the defendant to give him an assignment of his interest in the co-partnership assets as security. Assuming that the defendant had an interest in the property sold similar to that of a mortgagee, it would not follow that the sale in question would be valid. If a mortgagee has a right to make a private sale, it must be fairly made. Jones, Chat. Mortg. (4th Ed.) § 790, and cases cited.

Judgment, so far as appealed from, reversed, and new trial ordered, costs to abide the event, and referee discharged. All concur.